**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph A. Reister, | ) CIV 07-2296-PHX-JAT (MHB) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Dora B. Schriro, et al., | ) |
| Respondents. | ) |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Petitioner Joseph A. Reister, who is confined in the Arizona State Prison Complex-Central Arizona Correctional Facility in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) in which he challenges his state court convictions. Respondents filed an Answer (Doc. #12) on January 30, 2008, and Petitioner filed replies (Docs. ##3, 13) on November 26, 2007 and February 22, 2008.

On July 3, 1996, Petitioner was indicted on three counts of sexual conduct with a minor and three counts of child molestation. (Doc. #12, Exh. A.) The victim was Petitioner's minor daughter. (Doc. #12, Exh. F at 2.)

The case proceeded to trial on July 8, 1997, and after the prosecution presented its evidence, the trial court directed a verdict of acquittal on one count of the indictment. (Doc. #12, Exhs. B, E.) On July 16, 1997, however, the jury found Petitioner guilty on the remaining counts. (Doc. #12, Exh. C.) On August 31, 1998, the trial court sentenced Petitioner as follows: Count One (Sexual Conduct with a Minor) – 20 years' imprisonment;

Count Four (Sexual Conduct with a Minor) – 20 years' imprisonment, to run consecutive to Count One; and Counts Two, Three, and Five (Molestation of a Child) – 17 years' imprisonment for each offense, to run concurrent with each other, but consecutive to Counts One and Four. (Doc. #12, Exh. D.)

Petitioner directly appealed his convictions and sentences arguing that the trial judge committed error by giving the Portillo reasonable doubt instruction.[1] (Doc. #12, Exh. E.) The Arizona Court of Appeals affirmed Petitioner's convictions and sentences on August 31, 1999. (Doc. #12, Exh. F.) The Arizona Supreme Court summarily denied review on December 28, 1999. (Doc. #12, Exh. G.)

On January 10, 2000, Petitioner filed a notice of post-conviction relief, and counsel was appointed to represent him in the matter. (Doc. #12, Exh. H.) On July 11, 2000, Petitioner's counsel filed a "notice of completion of post-conviction review" indicating that she could not find any colorable issues to raise. (Doc. #12, Exh. I.) Petitioner then filed a *pro se* petition for post-conviction relief on November 15, 2000, alleging claims concerning ineffective assistance of trial and appellate counsel, defective verdict forms, and newly discovered evidence. (Doc. #12, Exhs. J, K.) The trial court denied the petition on March 22, 2001, and the Arizona Court of Appeals denied review on April 9, 2002. (Doc. #12, Exhs. L, N.) Petitioner did not thereafter seek review in the Arizona Supreme Court. (Doc. #1 at 5.)

On November 18, 2002, Petitioner filed a "petition for writ of habeas corpus" in the Pinal County Superior Court arguing that the trial court proceeded without "lawful jurisdiction" on several grounds.[2] (Doc. #12, Exh. O.) The trial court denied the petition on February 10, 2003. (Doc. #12, Exh. P.) Petitioner attempted to "appeal" the denial of his petition, but his notice of appeal was stricken as untimely. (Doc. #12, Exh. Q.) Petitioner,

---

[1] State v. Portillo, 898 P.2d 970, 974 (Ariz. 1995).

[2] Although Petitioner was tried and convicted in the Maricopa County Superior Court, he filed his state habeas petition in the Pinal County Superior Court presumably because he was imprisoned in Pinal County at the time.

1 nonetheless, filed a petition for review on August 7, 2003. (Doc. #12, Exh. R.) The Arizona 2 Court of Appeals denied the petition as untimely on August 26, 2003. (Doc. #12, Exh. S.) 3 The Arizona Court of Appeals also denied Petitioner's motion for reconsideration on 4 September 16, 2003. (Doc. #12, Exh. T.) Petitioner did not seek review in the Arizona 5 Supreme Court. (Doc. #1 at 5.)

6 On October 18, 2005, Petitioner, through counsel, filed a "second petition for post-7 conviction relief," asserting (1) that he was entitled to file a subsequent petition due to a 8 significant change in Arizona law and (2) that his sentence was so disproportionate to the 9 crime as to violate the Eighth Amendment prohibition against cruel and unusual punishment. 10 (Doc. #12, Exh. U.) The trial court found that Petitioner had "sufficiently raised a claim of 11 significant change in the law ... to allow the untimely filing of [his] petition." (Doc. #12, 12 Exh. V.) On January 23, 2006, however, the trial court denied the petition finding *inter alia* 13 "no claims that present a material issue of fact or law that would entitle [Petitioner] to the 14 relief requested." (Doc. #12, Exh. W.) The Arizona Court of Appeals summarily denied 15 review on November 29, 2006, and the Arizona Supreme Court denied review on February 16 21, 2007. (Doc. #12, Exhs. Y, Z.) On November 26, 2007, Petitioner filed the instant 17 Petition for Writ of Habeas Corpus. (Doc. #1.)

18 In his habeas petition, Petitioner raises five grounds for relief. In Ground One, 19 Petitioner contends the trial court denied Petitioner's Fifth, Sixth, and Fourteenth 20 Amendment due process rights because the court enhanced Petitioner's sentence "without 21 the required jury-finding beyond a reasonable doubt." (Doc. #1 at 6.) Petitioner also asserts 22 that the 57-year prison term violates the Eighth Amendment prohibition against cruel and 23 unusual punishment. (Doc. #1 at 6.)

24 In Ground Two, Petitioner claims the trial court violated his Sixth and Fourteenth 25 Amendment rights because the court failed to inform him of "the nature and cause of the 26 accusations" that were used to enhance his sentence above the statutory maximum. (Doc. 27 #1 at 8.) Petitioner also asserts that the 57-year prison term violates the Eighth Amendment 28 prohibition against cruel and unusual punishment. (Doc. #1 at 8.)

1       In Ground Three, Petitioner alleges the trial court violated the Sixth and Fourteenth Amendments because the court denied Petitioner the right to confront witnesses and the right to compulsory process to obtain witnesses to "refute any accusations used to enhance [his] sentence above the statutory maximum." (Doc. #1 at 9.) Petitioner also asserts that the 57-year prison term violates the Eighth Amendment prohibition against cruel and unusual punishment. (Doc. #1 at 9.)

      In Ground Four, Petitioner contends the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights by eliminating the prosecution's burden of proof because the court enhanced Petitioner's sentence beyond the statutory maximum "without identifying the specific elements, either alleged or charged in the indictment, that were different from those used to prove guilt." (Doc. #1 at 10.) Petitioner also asserts that the 57-year prison term violates the Eighth Amendment prohibition against cruel and unusual punishment. (Doc. #1 at 10.)

      In Ground Five, Petitioner alleges the trial court violated his Fifth, Sixth, and Fourteenth Amendment due process rights and the Eighth Amendment prohibition against cruel and unusual punishment because the court enhanced Petitioner's sentence "to fifty-seven years without complying with the provisions set in A.R.S. § 13-604, Dangerous and Repeat Offenders, Subsection (P)." (Doc. #1 at 11.)

**DISCUSSION**

      In their Answer, Respondents assert that Petitioner's habeas petition is time-barred. (Doc. #12 at 3-6.) Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the 1-year limitation period for state prisoners to file a federal habeas petition runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

1   The Court's review of Petitioner's post-conviction relief proceedings reveals that Petitioner's Petition for Writ of Habeas Corpus is untimely. On direct appeal, the Arizona Court of Appeals affirmed Petitioner's convictions and sentences and the Arizona Supreme Court, subsequently, denied review of that decision on December 28, 1999. (Doc. #12, Exhs. F, G.) Petitioner's convictions, therefore, became final 90 days later – on March 27, 2000 – "when the time for him to file a petition for certiorari with the United States Supreme Court expired." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Prior to that time – on January 10, 2000 – Petitioner filed a notice of post-conviction relief. (Doc. #12, Exh. H.) Accordingly, the limitations period was immediately tolled until his post-conviction relief proceedings terminated. See 28 U.S.C. § 2244(d)(2). The trial court denied Petitioner's first petition for post-conviction relief, and the Arizona Court of Appeals denied Petitioner's petition for review on April 9, 2002. (Doc. #12, Exhs. L, N.) Petitioner did not seek review in the Arizona Supreme Court. (Doc. #1 at 5.) Therefore, the limitations period commenced 30 days later – on May 9, 2002. See Ariz.R.Crim.P. 31.19(a) (providing 30 days to file a petition for review from the decision of the Court of Appeals); Clay v. United States, 537 U.S. 522, 532 (2003) (holding that finality occurs when the time for filing a notice of review expires); Wixom v. Washington, 264 F.3d 894, 898 (9th Cir. 2001) (finding that where Petitioner did not seek review in the state supreme court, the limitations period began to run 30 days later when the time for seeking review of the court of appeals' decision expired).

Petitioner then filed a "petition for writ of habeas corpus" in the trial court on November 18, 2002. (Doc. #12, Exh. O.) This was 194 days after the completion of his first petition for post-conviction relief and, thus, 194 days must be subtracted from the one-year limitation period since there was "nothing pending" during this time period. See Welch v. Carey, 350 F.3d 1079, 1084 (9th Cir. 2003) (AEDPA's statutory tolling provisions do not apply when there is "nothing pending"). The trial court denied the petition, and the Arizona Court of Appeals denied the petition for review on August 26, 2003, and denied the motion for reconsideration on September 16, 2003. (Doc. #12, Exhs. P, S, T.) Petitioner again did

- 5 -

1  not file a petition for review in the Arizona Supreme Court. (Doc. #1 at 5.) Accordingly,
2  since 194 days had already passed, Petitioner was required to file any claims for federal
3  habeas relief within 171 days of October 16, 2003 – 30 days after the Court of Appeals'
4  denial of review and denial motion for reconsideration.  Thus, Petitioner's one-year
5  limitation period ended on April 4, 2004.

6  Petitioner did not file the instant habeas petition until November 26, 2007. (Doc. #1.)
7  As such, Petitioner's habeas petition is untimely.

8  Petitioner argues that his petition is timely because it was filed within one year after
9  the Supreme Court denied review of his petition for review on February 21, 2007. (Doc. #1
10  at 11.) Petitioner refers, however, to the Arizona Supreme Court's denial of review of his
11  third petition for post-conviction relief (identified by Petitioner as his "second petition for
12  post-conviction relief"), which was filed on October 18, 2005. (Doc. #12, Exh. U.) The
13  limitations period had already expired on April 4, 2004 and, thus, the third petition for post-
14  conviction relief did not affect the untimeliness of the instant habeas petition. See Ferguson
15  v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[W]e hold that section 2244(d) does not
16  permit the reinitiation of the limitations period that has ended before the state petition was
17  filed.").

18  **CONCLUSION**

19  Having determined that Petitioner's habeas petition is untimely, the Court will
20  recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. #1) be denied and
21  dismissed with prejudice.

22  **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of
23  Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED**
24  **WITH PREJUDICE**;

25  This recommendation is not an order that is immediately appealable to the Ninth
26  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
27  Appellate Procedure, should not be filed until entry of the district court's judgment. The
28  parties shall have ten days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. <u>See</u> 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(b) and 72. Thereafter, the parties have ten days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Fed.R.Civ.P. 72.

DATED this 27th day of May, 2008.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge