**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joseph A. Reister, | ) | No. CV 07-2296-PHX-JAT |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Dora Schriro; et al., | ) | |
| Respondents. | ) | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus (Doc. #1). On May 27, 2008, the Magistrate Judge issued a Report and Recommendation (R&R) recommending that the Petition in this case be dismissed because it is barred by the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitation. (Doc. #14). Petitioner has filed objections to the R&R (Doc. #15) arguing that because the state court never ruled on his second motion for post-conviction relief, that motion, in effect, remains pending and continues to statutorily toll the AEDPA's statute of limitations; thus making the Petition in this case timely (Doc. #15). Respondents filed a reply to the objections and argue that Petitioner has, in essence, abandoned his second post-conviction relief motion, and, even giving Petitioner the benefit of the conclusion date of his third-post conviction relief motion, the Petition in this case is still barred by the statute of limitations. (Doc. #18).

1      This Court "may accept, reject, or modify, in whole or in part, the findings or
2 recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the
3 district judge must review the magistrate judge's findings and recommendations *de novo if*
4 *objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
5 (9th Cir. 2003) (*en banc*) (emphasis in original). Because Petitioner filed objections to the
6 R&R's recommendation that this Court find the Petition untimely, the Court will review the
7 statute of limitations issue de novo.

8      The Court finds that the R&R correctly sets forth the one-year statute of limitations
9 found in 28 U.S.C. § 2244(d)(1)(A). R&R at 4. Additionally, the R&R correctly recounts
10 that this limitations period is statutorily tolled while Petitioner has a "properly filed"
11 application for post-conviction relief or other collateral review pending with the state courts.
12 *Id.* (citing 28 U.S.C. § 2244(d)(2)). Further the R&R correctly concludes that as of Petitioner
13 filing his petition for writ of habeas corpus with the Pinal County Superior Court, 194 days
14 of the one-year statute of limitations had elapsed. R&R at 5. The dispute in this case arises
15 in calculating when the petition for writ of habeas corpus filed in the state courts was no
16 longer pending with the state courts.

17     The Magistrate Judge notes that the Pinal County Superior Court denied the habeas
18 petition (which was filed on November 18, 2002) on February 10, 2003; the Arizona Court
19 of Appeals denied the petition for review on August 26, 2003, and denied the motion for
20 reconsideration September 16, 2003. Thus, the Magistrate Judge concluded that this
21 "petition" was not pending in state courts (as would be required to statutorily toll the AEDPA
22 statute of limitations) after October 16, 2003.[1]  R&R at 6.

---

[1] The Magistrate Judge arrives at October 16, 2003 from September 16, 2003 by giving Petitioner tolling for the 30 days to appeal to the Arizona Supreme Court, even though Petitioner never filed a petition for review. Because neither party objects to this particular calculation, the Court accepts it without deciding if the Court would reach the same conclusion were the Court to review this issue de novo. *See Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004) (finding that a petition that was never filed is not properly filed within the meaning of § 2244(d)(2)).

1    Petitioner objects to this conclusion based on the following language in the order of
2    February 6, 2003 (filed February 10, 2003):

> IT IS HEREBY ORDERED, as follows:
>     Denying the Petitioner's request for the issuance of a Writ of Habeas Corpus and dismissing his Petition;
>     That the Clerk of the Court, Superior Court, Pinal County, copy the Court's file and forward a certified copy thereof to the Clerk of the Court, Superior Court, Maricopa County, for filing in criminal cause CR 96-06908, State of Arizona v. Joseph A. Reister, as provided in Rule 32.3, Arizona Rules of Criminal Procedure.

Doc. #12-3 at 59.

It is clear to this Court that the R&R is correct that this Order of the Pinal County Superior Court denies the petition for writ of habeas corpus. The issue in this case stems from the fact that Petitioner filed his petition in the trial court where he was incarcerated (Pinal County) and not where he was convicted (Maricopa County). Under Rule 32.3 of the Arizona Rules of Criminal Procedure, once this was discovered the petition should have been transferred to Maricopa County to be ruled on as a post-conviction relief petition. It should not have been denied by the Pinal County Superior Court, as occurred in this case. It is undisputed that the Maricopa County Superior Court either never received or never filed this "transferred" petition and, accordingly, no Judge of the Maricopa County Superior Court has ever ruled on the petition. Doc. #18 at 3.

Despite having appealed this denial by the Pinal County Superior Court, Petitioner now seeks to rely on the transfer provisions of Rule 32.3 to argue that he is entitled to tolling while this petition was, and presumably still is, pending with the Maricopa County Superior Court. In furtherance of this argument, Petitioner cites to his "motion for confirmation of receiving Pinal County Case file No. CV 02-01181 as Provided by Rule 32.3 Ariz.R.Crim.Procedure." to argue he was in fact seeking a ruling from the Maricopa County Superior Court. *See* Doc. #18, Exhibit A. It is undisputed that the Superior Court of Maricopa County never ruled on this motion for confirmation. Doc. #18 at 3.

The Court again notes that the Magistrate Judge is correct that the Pinal County Superior Court denied the petition for writ of habeas corpus. Petitioner was obviously aware

1  of this fact because he filed an appeal of this denial. *See* R&R at 2-3. Based on the fact that
2  this petition had been denied by the Superior Court in which Petitioner filed the petition, the
3  Court finds the Magistrate Judge's calculations to be correct. Petitioner is not entitled to
4  statutory tolling for any period of time that the petition for writ of habeas corpus was
5  "pending" before the Maricopa County Superior Court because the petition was never
6  actually pending there.

7  Thus, as indicated above, this Court concludes that because the Pinal County Superior
8  Court actually ruled on the petition for writ of habeas corpus, and Petitioner appealed that
9  decision, the conclusion of the appeal represented the end of the petition for writ of habeas
10 corpus "pending" in the state courts. Any other result would cause a petition that has been
11 denied and appealed to remain pending forever because the Maricopa County Superior Court
12 did not reconsider this denial. Any result which causes a conviction to remain indefinitely
13 subject to attack is inconsistent with the policy behind the AEDPA, which is to "advance the
14 finality of criminal convictions[; thus, Congress] adopted a tight time line. ..." *Mayle v.*
15 *Felix*, 545 U.S. 644, 662 (2005) (internal citations omitted).

16 While the better practice might have been for the Pinal County Superior Court to
17 transfer the petition without ruling on it, as Arizona Rule of Criminal Procedure 32.2 seems
18 to anticipate, that is not what occurred in this case, and this Court must review each case on
19 the actual facts presented. Under these facts, if this Court were to find the habeas petition
20 of which the Maricopa County Superior Court has no record, to still be pending in the
21 Maricopa County Superior Court, then Petitioner's statute of limitations has never and will
22 never begin to run against him. The Court finds such a result to be inconsistent with the
23 AEDPA and accordingly, will not construe these facts to reach such result.

24 Finally, any issue of whether the state courts follow their own internal rules is not
25 cognizable on habeas, *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999), and, similarly,
26 it is this Court's opinion that the state court's failure to follow its own rules also does not
27 present a basis for statutorily tolling of the AEDPA's statute of limitations. Petitioner
28 received a final ruling within the state courts on his petition, and this Court finds that such

1 a final ruling caused the petition to no longer be pending within the state court, even though
2 it appears the wrong court made the final ruling.

3 Further, the Court agrees with Respondents that Petitioner is not entitled to equitable
4 tolling for this time period. To be entitled to equitable tolling, Petitioner must show "(1) that
5 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood
6 in his way and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007)
7 (internal quotations omitted). Petitioner filed only 2 items in Maricopa County Superior
8 Court between the Pinal County denial (February 2003) through the filing of the
9 Respondent's final reply (June 2008) which were arguably "pursuing" the "transferred"
10 petition in Maricopa County: (1) a motion for confirmation, and (2) a letter seeking a case
11 number for the "transferred" case.

12 First, Petitioner did not file his motion for confirmation until October 16, 2003, over
13 eight months after the copy of the file was supposed to have been sent to Maricopa County.
14 Second, Petitioner waited another year (until November 5, 2004) before sending his letter
15 seeking a case number. Third, since November 5, 2004, Petitioner has done nothing with
16 regard to the allegedly transferred habeas petition in the Maricopa County Superior Court.
17 Finally, Petitioner's filing of a second post conviction relief petition on October 18, 2005
18 (two years after the motion for confirmation), shows that Petitioner had quit pursuing any
19 relief through this allegedly transferred habeas petition. Therefore, the Court finds that
20 Petitioner has not been pursuing this matter diligently such that he would be entitled to
21 equitable tolling for the amount of time necessary for this Petition to be timely.

22 Based on these conclusions, and considering that as of October 16, 2003, 194 days of
23 the AEDPA's statute of limitations had already elapsed, the Petition in this case was due by
24 April 4, 2004. The Petition in this case was not filed until November 26, 2007, well after the
25 expiration of the AEDPA's statute of limitations and is, therefore, time barred.

26 Accordingly,

27 IT IS ORDERED that the Report and Recommendation (Doc. #14) is accepted and
28 adopted; the objections (Doc. #15) are overruled.

IT IS FURTHER ORDERED that the Petition in this case is dismissed, with prejudice, because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

DATED this 25th day of August, 2008.

_____
James A. Teilborg
United States District Judge